*Terry & Perkins, for appellant.*

---

## J. K. P. VANARSDALE, ET AL., *v.* JOHN F. DRY, ET AL.

**Infants—Process—Motion to Modify Judgment.**
> Civil Code, §§ 81 and 579, prescribe the manner of service of process on infants less than fourteen years old, and where not brought into court in the legal way a motion to modify or set aside judgment as to them should be sustained.

## APPEAL FROM LINCOLN CIRCUIT COURT.

September 18, 1874.

Opinion by Judge Pryor:

One of the appellants, J. P. Vanarsdale, at the time of the rendition of the judgment on the attempted service of process, was under fourteen years of age and therefore was not in court, by reason of the summons, either actually or constructively. The code of practice provides that the court rendering a judgment shall have power after the time at which it is rendered, to vacate or modify such judgment "for erroneous proceedings against an infant, etc., where the condition of such defendant does not appear in the record, nor the error in the proceedings, also for errors in a judgment shown by an infant in twelve months after or being at age." Civ. Code, Sec. 379. It is not made to appear in the proceedings that the infant appellant, P. P. Vanarsdale, was at the time under fourteen years of age, and, therefore, he had the right to be heard by reason of Subsec. 5, Sec. 579, Civ. Code. Sec. 81, Civ. Code, prescribes the manner in which process shall be served on an infant under fourteen years; and it is not pretended that this appellant was in court by a summons in accordance with this section. A judgment was rendered against him in the absence of any service of summons, appointment of guardian *ad litem,* or answer.

There seems to have been no objection made to the proceeding to vacate the judgment, the answer and cross-petition in the original action, and if made might not have been available; still, the proper mode is by a separate action in the nature of a petition to modify or vacate the judgment. There is no question but what the appellant, J. P. Vanarsdale, was entitled to relief, as the judgment would not in any manner affect his rights. As to Smith and wife, they cannot be regarded as in court by petition. Their answer is not made a cross-petition, nor is there any statement in it prescribing a cause of action. The statement in the answer to the cross-petition of J. P. Vanarsdale, that they adopt his statements and seek the same relief, cannot be regarded as a cross-petition or a proceeding for relief. The judgment on this pleading should not, however, be permitted to affect their rights; and if they can so amend their pleadings as to present grounds for relief upon the return of the cause, they should be permitted to do so. The sale of the land under the judgment proves no title whatever to the purchase of that interest owned by the appellant. The land was purchased by the mother, who was

a party to the action, and instrumental in procuring the judgment. The transfer to Dry vested him with no better right than the original purchaser acquired; and besides, he was himself substituted as plaintiff in the action. Neither Dry nor the administrators of their vendees acquired any title to the interest of the appellant in the land.

The judgment must therefore be *reversed,* and cause remanded with directions to refer the case to the commissioner in order to ascertain the amount of personal assets in the hands of the administratrix, with which to pay the debts of the intestate; and after applying the same, or crediting the whole indebtedness by the amount, the interest owned by the appellant in the land will be subjected to the payment of his part of any remaining indebtedness, requiring the purchasers, Dry, or his vendees, to account for his part of the rent whilst they have had possession, to be deducted from the amount for which he is made liable. Dry should be substituted to the extent he was paid, to the rights of the evidence, and the interest of the appellant in the land should be sold to satisfy any sum found to be due by him. The judgment *reversed* and cause remanded for further proceedings consistent with this opinion.

*George R. McKee, for appellants.*
*Hill & Allcan, for appellees.*